[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10563
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 24, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-02113-CV-B-S

MARY TURLEY,

Plaintiff-Appellant,

versus

SCI OF ALABAMA,
d.b.a. Funeral Services of Alabama,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 24, 2006)**

Before TJOFLAT, PRYOR and RONEY, Circuit Judges.

PER CURIAM:

Plaintiff Mary Turley, a former employee of defendant SCI of Alabama, doing business as Funeral Services of Alabama ("SCI"), appeals the district court's grant of SCI's motion for summary judgment with regard to Turley's claims of discrimination on the basis of her sex, pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2, and on the basis of her age, pursuant to the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 623(a). The district court held that Turley failed to set forth a *prima facie* case of discrimination on the basis of her sex or age because she did not establish that she suffered an adverse employment action. We affirm.

District Judge Sharon Lovelace Blackburn, in an extended opinion that set forth the detailed evidence before the court, which need not be repeated here, held that Turley did not suffer an adverse job action, there were no material issues of fact, and defendant was entitled to judgment as a matter of law. In a subsequent opinion, written in response to plaintiff's Motion to Alter or Amend the Judgement on the ground the court "failed to view the evidence in the light most favorable to the Plaintiff and failed to draw all justifiable inferences in favor of the Plaintiff," Judge Blackburn analyzed the evidence and concluded that plaintiff was not similarly situated to younger, male employees whom she alleged were treated more favorably.

Turley began working for SCI in 1999 as a sales counselor and was promoted to sales manager. As a sales manager, Turley's job was to make personal sales, and train and recruit other salespeople. Turley earned a commission from what all her salespeople sold as well as from what she personally sold.

In August 2001, Dan Murphy, the Senior Regional Vice President of Pre-Need Sales, implemented a new sales philosophy in which "[h]e wanted the sales managers to work with the counselors in the field on a daily basis; not personal selling, but working with the counselors, training counselors, . . . going on appointments, recruiting new counselors." He called a meeting with all the sales managers and informed them "that they had to quit selling and just start recruiting and training people. They wanted more people hired. No matter what, they just wanted more people hired and trained." In October 2001, Clifton Dempsey, the Regional Vice President of Pre-Need Funeral Sales, informed Turley that Dan Murphy said that she either had to be a sales manager or a salesperson, that she couldn't be both. During her deposition, Turley recounted the conversation with Dempsey as follows:

> Q: But you had a choice, did you not? You could have maintained your position as being the sales manager as long as you gave up selling, correct?

3

A:  Yeah.

Q:  You chose not to?

A:  I chose not to because that was not - - you couldn't make no money that way.

Q:  And I understand, Ms. Turley.  But the fact is you could have maintained your position as a sales manager?

A:  I sure could have.  But only as a sales manager, as long as I didn't sell.

Q:  That was unacceptable to you?

A:  Very unacceptable. . . . He said, "You either sell or be a sales manager."  And then I made the decision that I would sell.

Q:  Okay.  That you wanted to sell?

A:  No. I didn't want to sell.  I made the decision that I had to sell, you know, to keep a job.  I could have walked out and not had a job.  But I really couldn't afford that.

Q:  Well, you could've continued as the sales manager, just choosing not to sell?

A:  But that would've been about one-third of the money.

After Turley left the sales manager position, Dempsey asked her to help him find someone to fill that position, and Turley recommended Shane Johnson, a male younger than Turley, who was hired to fill the sales manager position.

4

The district court held that Turley had failed to set forth a *prima facie* case of discrimination on the basis of her sex and age because she did not establish that she suffered an adverse employment action. The district court found that SCI had given Turley a choice between remaining a sales manager and following Murphy's new guidelines, or taking a position as a sales counselor. In determining whether SCI's offer of that choice to Turley was an adverse employment action, the court concluded that Turley chose to take the "demotion" to sales counselor and that the "'demotion' was not the result of a deliberate decision of [SCI]." The district court thus found that Turley's "demotion" was not an actionable adverse employment action.

We review *de novo* a district court's grant of summary judgment and view all facts in the light most favorable to the non-moving party. *Pipkins v. City of Temple Terrace, Fla.*, 267 F.3d 1197, 1199 (11th Cir. 2001). "Summary judgment is only proper if there are no genuine disputed issues of material fact, and the moving party is entitled to judgment as a matter of law." *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1311 (11th Cir. 2001).

Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,

5

because of such individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). Similarly, the ADEA, as amended, makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1).

To succeed on a discrimination claim, a plaintiff must offer *direct evidence of discrimination in connection with an adverse employment action*, or *circumstantial evidence* that satisfies a four-part requirement for both sex and age discrimination: (1) that she was a member of a protected class; (2) *that she was subject to an adverse employment action*; (3) that the position she sought or was discharged from was filled by someone outside of her protected class; and (4) that she was qualified to perform the job for which she was rejected. *See Hinson v. Clinch County, Ga. Bd. of Educ.*, 231 F.3d 821, 827-28 (11th Cir. 2000) (Title VII); *Damon v. Fleming Supermarkets of Fla., Inc.*, 196 F.3d 1354, 1358-59 (11th Cir. 1999) (ADEA).

Thus, without an actionable adverse employment action, there can be no claim for damages for alleged discrimination based on either direct or circumstantial evidence. *See Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1231 n.34 (11th Cir. 2001) (explaining that, regardless of whether a plaintiff relies

on direct or circumstantial evidence, the plaintiff must always establish that she suffered an adverse employment action).

A careful review of the evidence in the record that was before the court reveals that the district court's opinion correctly analyzed the record evidence and did not err in deciding that there was no issue as to the fact that plaintiff did not suffer an adverse employment action imposed by the defendant.  Therefore, based upon the district court's two opinions, which are supported by the record, the district court's grant of summary judgment to the defendant is

**AFFIRMED**.